
IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE:<br><br>**Jerry Williams,**<br><br>Debtor(s). | Case No. 01-50277C-7W |

TRUSTEE'S OBJECTION TO CHRYSLER FINANCIAL'S MOTION FOR RELIEF FROM STAY AND TRUSTEE'S REQUEST FOR TURNOVER OF VEHICLE

NOW COMES W. Joseph Burns, Attorney for Trustee, and states:

1. This case was originally filed under chapter 13 bankruptcy on February 2, 2001 and was converted to chapter 7 on May 11, 2001.

2. W. Joseph Burns is the duly qualified and acting Chapter 7 Trustee.

3. Chrysler Financial Company, L.L.C. (hereinafter "Chrysler"), by and through counsel, Matthew E. Roehm, filed a Motion For Relief From Automatic Stay on April 4, 2001, to repossess and liquidate a 2000 Dodge Ram Van and to waive Rule 4001(a)(3).

4. The Motion came before the Court on May 23, 2001. Vernon J. Cahoon appeared for the Chapter 13 Trustee. The Court, after considering the official record, the motion by Chrysler, and statements of counsel concluded that it appeared that the Creditor may hold a preferential lien on the collateral in violation of 11 U.S.C. §547. The Court entered an Order on May 30, 2001, continuing the hearing on Chrysler's motion until June 20, 2001.

5. After review, the Chapter 7 Trustee has determined that the Debtor entered into a Retail Installment Contract with Chrysler to purchase the 2000 Dodge Ram Van on December 23, 2000. The Debtor granted Chrysler a security interest in the 2000 Dodge Ram Van, which security interest was perfected on January 17, 2001.

6. The security interest was not perfected within the twenty (20) day grace period of 11 U.S.C. §547(c)(3)(B). It was perfected within the ninety (90) day preference period prior to filing Chapter 13.



7. The lien of Chrysler is preferential and should be avoided pursuant to 11 U.S.C. §547.

8. Since the lien is preferential, the Motion should be denied and the vehicle turned over to the Trustee for the benefit of all creditors.

WHEREFORE, the undersigned prays that the Court:

1. Deny the Motion For Relief From Automatic Stay filed by Chrysler;

2. Order Chrysler to return the vehicle to the Trustee for the benefit of all creditors.

This the 6 day of June, 2001.

W. Joseph Burns
Attorney for Trustee
N.C. State Bar No. 6062


Of Counsel:

BURNS AND ARNEKE, L.L.P.
Park West Suite 101
3600 Country Club Road
Winston-Salem, NC 27104
Phone: (336) 760-1434

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:

Jerry Williams,

Case No. 01-50277C-7W

Debtor(s).

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing TRUSTEE'S OBJECTION TO CHRYSLER FINANCIAL'S MOTION FOR RELIEF FROM STAY AND TRUSTEE'S REQUEST FOR TURNOVER OF VEHICLE in regards to the above-captioned case was served on all proper parties by depositing said copy in the United States mail, Winston-Salem, North Carolina, First Class, postage prepaid and addressed as follows:

MICHAEL D. WEST, ESQ.
BANKRUPTCY ADMINISTRATOR
P O BOX 1828
GREENSBORO NC 27402

ESTEN H. GOLDSMITH
P O BOX 1264
CONCORD, NC 28025

MATTHEW E. ROEHM
ATTY FOR CHRYSLER FINANCIAL
COMPANY, L.L.C.
4700 NEW BERN AVE
RALEIGH, NC 27610

This the 6 day of June, 2001.

W. Joseph Burns
Attorney for Trustee
N.C. State Bar No. 6062

OF COUNSEL:

BURNS AND ARNEKE, L.L.P.
Park West Suite 101
3600 Country Club Road
Winston-Salem, N. C. 27104
(336) 760-1434